WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyrone James Sam,<br><br>    Movant,<br><br>v.<br><br>USA,<br><br>    Respondent. | No. CV-14-08215-PCT-JAT<br>     CR-12-8176-PCT-JAT<br><br>**ORDER** |

On January 21, 2016, this Court denied Movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 19). This Court also denied a certificate of appealability. (*Id*.). Movant appealed, and the Ninth Circuit Court of Appeals ("Ninth Circuit") denied a certificate of appealability on September 14, 2016. (Doc. 23).

On December 19, 2016, Movant filed a 29 page document that he titled "Petition to Recall the Mandate En Banc". (Doc. 24). While the Court is unclear as to exactly what Movant seeks, either recalling the Ninth Circuit's decision or en banc rehearing of the decision would have to be done by the Ninth Circuit and are beyond this Court's jurisdiction. Thus, any relief of that kind is denied, without prejudice, as being beyond the jurisdiction of this Court.

However, in the first sentence of this same motion, Movant states he is seeking relief under Federal Rule of Civil Procedure 60(b)(6). This type of motion is correctly addressed to this Court. To the limited extent any relief sought in Doc. 24 can be

considered as a request for Rule 60(b)(6) relief, the Court will consider it below.

The Court has read the entire motion and notes that Movant makes no actual argument under Federal Rule of Civil Procedure 60(b)(6). Instead Movant argues for reconsideration of this Court's January 21, 2016 Order. Thus, what Movant filed is really an untimely motion under Federal Rule of Civil Procedure 59, which this Court does not have discretion to consider. *See Carter v. United States*, 973 F.2d 1479, 1488 (9th Cir. 1992). Accordingly, the Court denies the motion on this basis.

Alternatively, even though the Court deems this to be an untimely motion under Federal Rule of Civil Procedure 59, the Court will nonetheless consider the merits under Federal Rule of Civil Procedural 60(b)(6). "Rule 60(b)(6) should be 'used sparingly as an equitable remedy to prevent manifest injustice'" and should be used only in "'extraordinary circumstances to prevent or correct an erroneous judgment.'" *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 941 (9th Cir. 2007) (citing *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005)).

The primary factual argument in Movant's Rule 60(b)(6) motion is that the DNA evidence from the victim did not match Movant's DNA sample. (*See e.g.*, Doc. 24 at 7, 9, 25). From this, Movant argues that he is actually innocent and thus entitled to habeas relief. The Report and Recommendation ("R&R") recounted the facts of this case as follows:

> The victim was interviewed by a child forensic interviewer. (Doc. 12, Ex. B at ¶ 4.) She told the interviewer that Movant "tried to put his thing in me." (*Id*.) She also said that Movant showed her money to prevent her from telling the police what happened. (*Id*.) The victim's siblings were interviewed and gave the same account as the victim. (Doc. 12, Ex. B at ¶ 6.) The victim's mother took her to the hospital to be examined. (*Id*. at ¶ 3) During a sexual assault examination, the victim's body was swabbed in a few locations for the presence of DNA. (Doc. 10, Ex. D.) The swabs were sent to the FBI laboratory and examined for the presence of blood and semen. (Id.) Analysis revealed the presence of male DNA on a swab from the victim's hip and a swab from her buttocks. (*Id*.) The government contacted Movant's attorney, Lorna Spencer, who stated that Movant would provide a DNA sample. (Doc. 10, Ex. E.) On December 20, 2012, Movant consented to a search, which entailed the collection of two buccal swabs to develop a DNA profile for comparison. (*Id*.) The DNA analysis report, dated January 10, 2013, excluded Movant as a contributor of the

> male DNA on the samples taken from the victim's hip and buttocks. (Doc. 10, Ex. F.)
>
> …
>
> On July 31, 2012, Movant was indicted in the District of Arizona on one count of attempted aggravated sexual abuse of a child, in violation of 18 U.S.C. § 1153 and § 2241(c) (Count One), and one count of abusive sexual contact, in violation of 18 U.S.C. §§ 1153, 2244(a)(5), and 2246(3) (Count Two). (CR Doc. 1.) On February 6, 2013, Movant, represented by Lorna Spencer, participated in a change of plea hearing before Magistrate Judge Michelle H. Burns. (Doc. 10, Ex. G.) During that proceeding, Movant entered a guilty plea to Count Two pursuant to a plea agreement. (*Id*.)

(Doc. 18 at 2-3).

As the recounting in the R&R shows, the results of the DNA test were known prior to Movant entering his guilty plea. Thus, nothing has changed since this Court adopted the R&R in this case. (Doc. 18). Accordingly, Movant has made no showing entitling him to relief under Rule 60(b)(6).

For all of the foregoing reasons,

**IT IS ORDERED** that the Motion (Doc. 24) is denied.

**IT IS FURTHER ORDERED** that to the extent a ruling on a certificate of appealability is required[1], a certificate of appealability is denied.

Dated this 7th day of February, 2017.

James A. Teilborg
Senior United States District Judge

---

[1] *See United States v. Winkles*, 795 F.3d 1134, 1142 (9th Cir. 2015) (certificate of appealability is required to appeal the denial of a Rule 60(b) motion arising out of the denial of a section 2255 motion).